***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFAEL KASSIN, *on behalf of himself and all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>AR RESOURCES, INC.<br><br>Defendant. | Civ. Action No. 16-4171 (FLW)<br><br>**OPINION** |

**WOLFSON, District Judge**:

Plaintiff Rafael Kassin ("Plaintiff") filed this putative class action against a collection agency, Defendant AR Resources ("Defendant" or "ARR"), on behalf of himself and all other similarly situated individuals, asserting violations of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. § 1692, *et seq.*, in connection with a debt collection letter that he received from Defendant. In lieu of an answer, Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

**BACKGROUND**

On February 18, 2016, Plaintiff received a debt collection letter from Defendant, a debt collection agency. Complaint ("Compl.") ¶ 29, Ex. A. The one page letter demanded payment on behalf of "SELECT MEDICAL – KESSLER" ("Select Medical") in the amount of $3756.55, and directed Plaintiff to contact ARR in the event that the subject debt was covered by Plaintiff's insurance: "If you carry any insurance that may cover this obligation, please contact [ARR's]

1

office at the number above." Compl. ¶ 29, Ex. A. The letter concluded with a validation notice written in bold text, as mandated by the FDCPA:

> Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. ¶ 29, Ex. A. Subsequent to the receipt of the debt collection letter, Plaintiff filed this Complaint, in which he alleges that the letter is in violation of two separate sections of the FDCPA, *i.e.*, § 1692g and § 1692e. In response, ARR filed a Motion to Dismiss Plaintiff's Complaint for Plaintiff's failure to state a claim pursuant to Rule 12(b)(6). Plaintiff opposes the motion.[1]

## DISCUSSION

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." When reviewing a motion to dismiss, courts must first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard requires the plaintiff to show "more than a

---

[1] ARR has not replied to Plaintiff's Opposition.

sheer possibility that a defendant has acted unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit requires a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. at 678-79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**II.    § 1692g**

In the instant matter, Plaintiff asserts that Defendant acted in violation of the FDCPA by mailing a letter which incorporated language that overshadowed and contradicted the validation notice. Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), at 7. Specifically, Plaintiff points to a portion of the letter that directs him to call Defendant if the subject debt is covered by the terms of Plaintiff's insurance plan. Pl's Opp'n, at 10-13. According to Plaintiff, this language is in violation of the FDCPA, because it mistakenly

suggests that the debt may be disputed by telephone, when, in actuality, a dispute must be sent in writing in order to be legally effective.

Congress enacted the FDCPA in order to accomplish the following goals: "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *DeHart v. US Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1054 (D.N.J. 2011) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010)). In that connection, § 1692g(a) of the Act requires debt collectors to include the following information whenever a debt collection letter is mailed to a consumer:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 (3d Cir. 2000) (citing 15 U.S.C. § 1692g(a)).

"Paragraphs 3 through 5 of section 1692g(a) contain the validation notice—the statements that inform the consumer how to obtain verification of the debt and that he has thirty days in which to do so." *Id*. at 353-54. In order for a debt collector to comply with the validation notice requirement, "'more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor.'" *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013)

4

(quoting *Wilson*, 225 F.3d at 354)). In other words, "[t]he validation notice . . . 'must be in print sufficiently large to be read, and must be sufficiently prominent.'" *Id*. (quoting *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991)). In addition, "'the notice must not be overshadowed or contradicted by accompanying messages from the debt collector.'" *Id*. (quoting *Graziano,* 950 F.2d at 111). In that respect, a collection letter is in violation of the FDCPA, if its validation notice "'is printed on the back and the front of the letter does not contain any reference to the notice' or, more generally, where 'the validation notice is overshadowed or contradicted by accompanying messages or notices from the debt collector.'" *Id*. (quoting *Wilson*, 225 F.3d at 355)).

In determining whether the validation notice is in compliance with the requirements of the FDCPA's provisions, the Third Circuit has adopted the "least sophisticated debtor" standard. *Id*. at 149 (citing *Wilson*, 225 F.3d at 354; *Graziano*, 950 F.2d at 111). The least sophisticated debtor standard, which endeavors to protect all types of consumers, "'is less demanding than one that inquires whether a particular communication would mislead or deceive a reasonable debtor.'" *Id*. (quoting *Campuzano-Burgos v. Midland Mgmt., Inc.*, 550 F.3d 294, 298-99 (3d Cir. 2008)). Instead, under that standard, a validation notice is deemed "'overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights.'" *Id.* (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

Plaintiff relies extensively on the Third Circuit's decision in *Caprio*, a case involving debt validation notices under the FDCPA. There, the plaintiff challenged a collection letter's instruction for him to call or write to defendant, if he felt as though he were not responsible for the debt in connection with the service described therein. *Id*. at 145 ("If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-984-9115 or

5

write us at the above address.") (emphasis removed). The Third Circuit held that this language overshadowed the letter's validation notice, because it directed the plaintiff to call or write in order to dispute the debt, even though a consumer is required to raise a debt dispute in writing under the FDCPA. *Id*. at 152. In other words, the Third Circuit found that the letter was invalid, because the complained-of language could "'be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Id.* (quoting *Russell*, 74 F.3d at 35). Thus, while the *Caprio* decision is factually distinguishable from the case at hand, it articulated a standard for determining whether a debt collection letter *vis-à-vis* a validation notice, fails to facially comply with the FDCPA's requirements.

Here, Defendant argues that the collection letter is in compliance with the standard set forth in *Caprio*, because it does not explicitly direct a debtor to dispute a debt by telephone. Def.'s Motion to Dismiss, at 5. According to Defendant, the letter instead presents "[Plaintiff] with two mutually exclusive options: (1) call ARR with insurance information that should cover the debt or (2) write to ARR within thirty days to dispute the debt." Def.'s Motion to Dismiss, at 6. The Court disagrees and finds that the statement in regard to Plaintiff's insurance plan, as alleged, may reasonably be interpreted to suggest that the debt could be disputed by calling Defendant.[2]

---

[2] Defendant cites to *Szcurek v. Prof'l Mgmt., Inc.*, 59 F. Supp. 3d 721 (E.D. Pa. 2014) and argues that that the substance of the letter is in compliance with the FDCPA's requirements. Defendant emphasizes that the *Szcurek* Court upheld a debt collection letter that stated: "If this debt is for medical services and you have insurance that may pay all or a portion of this debt, that information can be submitted by calling 800-220-0260 or by completing the information on the reverse side of this letter and returning the entire letter to this office." *Id*. at 723, n.1. Defendant's reliance on *Szcurek*, however, is misplaced, as that court's analysis was solely confined to whether the following statement contained in the letter—"To avoid further contact from this office regarding your past due account, please send the balance due to our office and include the top portion of this letter with your payment,"—was in violation of the FDCPA. *Id*. at 724. In fact, the language concerning the plaintiff's medical insurance was not challenged by the parties

The debt collection letter, here, begins by explaining that a debt, in the amount of $3756.55, has been referred to ARR by Select Medical for collection purposes, and then directs Plaintiff to call Defendant in the event that the debt is covered under Plaintiff's insurance policy. Compl. ¶ 29, Ex. A. Although the letter concludes with a validation notice, in which Plaintiff's rights pursuant to the FDCPA are explained, Compl. ¶ 29, Ex. A, the insurance policy language may be susceptible to different meanings under the least sophisticated debtor standard. For example, a least sophisticated debtor could reasonably believe that he or she does not owe, or is not responsible for, a debt, because it is covered under the terms of his or her insurance plan. Or, in an alternative scenario, a least sophisticated debtor may mistakenly receive a debt collection notice, when the original service provider was already compensated by the debtor's insurance policy. Hence, the debtor, in either situation, may mistakenly dispute the debt by calling the collection agency, because the letter instructs that issues with coverage under an insurance policy can be handled by telephone. *See Caprio*, 709 F.3d at 151. Given that the complained-of language may mislead the least sophisticated debtor, it is therefore inappropriate for the Court to dismiss Plaintiff's Complaint.[3] *Ashkenazi v. Certified Credit & Collections Bureau*, No. 14-7627, 2016 U.S. Dist. LEXIS 41000, at *5, (D.N.J. Mar. 29, 2016) (concluding that the least sophisticated debtor could plausibly be misled by a debt collection letter that directed the debtor

---

in *Szcurek*, nor did the court discuss the propriety of the insurance language in the debt collection letter. Therefore, the *Szcurek* decision is distinguishable from the facts at hand.

[3]   The insurance coverage provision in the debt collection letter may also be deceptive if the collection agency is unable to discuss any insurance coverage issues with the consumer because those issues are typically resolved through the insurance company and the medical provider.

to contact the debt collector by telephone, if the debt was covered under the debtor's insurance plan).[4]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.


Dated: March 22, 2017

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[4] The Complaint further alleges that the substance of the letter is in violation of § 1692(e) of the FDCPA. Compl. at ¶¶ 42-46. That section of the FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Because the letter's language could potentially mislead the least sophisticated debtor, the Court cannot dismiss Plaintiff's claim pursuant to § 1692(e) of the FDCPA. *Caprio*, 709 F.3d at 155 ("[W]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under § 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive.") (internal quotations omitted).