*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RAFAEL KASSIN, *on behalf of himself* :
*and all others similarly situated* :
 :
           Plaintiff, :
 : Civ. Action No. 16-4171 (FLW)
v. :
 : **OPINION**
AR RESOURCES, INC. :
 :
           Defendant. :
_____:

**WOLFSON, U.S. District Judge**:

      Plaintiff Rafael Kassin ("Plaintiff") brought this suit individually and on behalf of proposed class members similarly situated, against defendant debt collection agency AR Resources, Inc. ("Defendant" or "ARR"), pursuant to Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, challenging certain language contained in a debt collection letter sent to Plaintiff by ARR. Previously, the Court denied Defendant's motion to dismiss; and in that decision, *Kassin v. AR Res., Inc.*, No. 16-4171, 2017 U.S. Dist. LEXIS 41187 (D.N.J. Mar. 22, 2017), the issue in dispute involved whether language asking a consumer to directly contact the collection agency by phone regarding insurance coverage would contradict the validation notice set forth in the same letter. The Court answered that question in the affirmative. In the instant matter, Defendant seeks permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292, because, Defendant argues, differing district court opinions exist concerning the issue resolved by the Court on the dismissal motion, which would warrant the permissive appeal. Because I disagree with Defendant's basis for interlocutory appeal, its motion is **DENIED**.

1

## BACKGROUND AND PROCEDURAL HISTORY

For the purposes of this Motion, I only recount facts that are relevant.[1] On February 18, 2016, Plaintiff received a debt collection letter from ARR in an attempt to collect a debt. The one-page letter demanded payment on behalf of "SELECT MEDICAL — KESSLER" ("Select Medical") in the amount of $3756.55, and directed Plaintiff to contact AR in the event that the subject debt was covered by Plaintiff's insurance: "If you carry any insurance that may cover this obligation, please contact [ARR's] office at the number above." The letter concluded with a validation notice[2] written in bold text, as mandated by the FDCPA:

> Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Subsequent to the receipt of the debt collection letter, Plaintiff filed a Complaint, in which he alleges that the letter is in violation of two separate sections of the FDCPA, *i.e.*, § 1692g and §

---

[1] The following facts are taken from my previous Opinion, and therefore, I will omit any citations to the record.

[2] The Fair Debt Collection Practices Act requires that a creditor include: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) **a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and** (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692 (emphasis added)

1692e. In response, Defendant filed a motion to dismiss the Complaint. Applying the least sophisticated debtor standard, the Court concluded that the language in the letter offering the debtor the option to call with insurance information overshadowed and contradicted the language in the validation notice. Indeed, I reasoned that a debtor could plausibly be misguided by the language in Defendant's debt collection letter, and I explained that a consumer "may mistakenly dispute the debt by calling the collection agency, because the letter instructs that issues with coverage under an insurance policy can be handled by telephone." *Kassin*, 2017 U.S. Dist. LEXIS 41187, at *10.

Following the denial, Defendant filed the instant Motion for leave to file an interlocutory appeal.

**DISCUSSION**

**I.    Standard of Review**

Section 1292(b) provides that interlocutory appeals of a district court order can only be granted when the following three requirements are met: (1) the order involves a controlling question of law; (2) as to which there is *substantial* ground for difference of opinion; (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (emphasis added). The party moving for certification of the appeal bears the burden of establishing the requirements under § 1292. *See e.g., Meyers v. Heffernan*, No. 12-2434, 2014 U.S. Dist. LEXIS 175918, at *3 (D.N.J. Dec. 22, 2014). However, the decision to certify an interlocutory appeal "is wholly within the discretion of the courts," even if all three statutory elements are met. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citation omitted). Strong policy against piecemeal litigation requires that motions for interlocutory appeals should be granted "sparingly." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J.

1996). In that regard, "the court must remember that ... [a] motion should not be granted merely because a party disagrees with the [previous] ruling." *Id.* A "difference of opinion" must arise out of a genuine issue as to the correct legal standard. *Id.* A question is "controlling" if the incorrect disposition would necessitate a reversal of the final judgment. *Id.*

On this motion, Defendant first argues that the Court's Order involves a controlling question of law, and that question is subject to substantial difference of opinion. Defendant further argues that a difference of opinion exists within the District of New Jersey as to the application of the "least sophisticated consumer" standard to the alleged debt collection practices in this case. Second, Defendant argues that an immediate appeal may materially advance the ultimate termination of this litigation, because a decision on such a controlling question of law would remove the need for a trial on the merits. Finally, Defendant argues that this case should be stayed pending an interlocutory appeal to avoid the costs associated with the continuation of class discovery. In response, Plaintiff argues that interlocutory appeal should not be permitted because the Third Circuit has directly spoken on this exact issue by stating a clear legal standard, and as such, there is no substantial difference of opinion in the law.

In so arguing, indeed, Plaintiff does not dispute that Defendant has met prongs one and three of the § 1292 factors. As to prong one, Defendant has shown the existence of a controlling question of law because the application of the least sophisticated debtor standard to the facts of this case encompasses a potential reversible error.[3] As to the third prong, an interlocutory appeal

---

[3] In the context of interlocutory appeals under 28 U.S.C. § 1292, a controlling question of law encompasses "at the very least every order which, if erroneous, would be reversible error on final appeal". *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). The question of law in the March 22, 2017 Order is whether the language of Defendant's debt collection letter violates the FDCPA by failing to meet the "least sophisticated debtor" standard. In that Order, the Court determined that as alleged by the Complaint, the "least sophisticated debtor" could reasonably believe that the amount owed could be disputed via telephone as instructed by the

4

could eliminate the need for a trial. In fact, given the controlling question of law in this case, an appellate decision would eliminate the need for further litigation.[4] Thus, the success of Defendant's motion hinges on the second prong of the § 1292 factors —whether there is a substantial ground for difference of opinion surrounding the legal standard.

## II.     Substantial Ground for Difference of Opinion

Defendant posits that there is substantial ground for difference of opinion in the controlling law because my decision on this issue is contrary to another decision, *Cruz v. Fin. Recoveries*, No. 15-0753, 2016 U.S. Dist. LEXIS 83576 (D.N.J. June 28, 2016), in this district.[5] I disagree. A substantial ground for difference of opinion must "arise out of genuine doubt as to the correct legal standard." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996); *see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001) (same); *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 634 (D.N.J. 2014) ("when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent"). Importantly, "mere disagreement with the district court's ruling" is not enough to permit an interlocutory appeal. *Kapossy*, 942 F. Supp. at 1001.

---

insurance coverage language in Defendant's debt collection letter. Indeed, this is a controlling question of law since it would be a reversible error on final appeal.

[4]     The third prong of § 1292 requires that an interlocutory appeal eliminates the 1) need for trial, 2) a complex issue that would complicate trial, or 3) issues that would make discovery more costly or burdensome. *See Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, No. 11-00011, 2013 U.S. Dist. LEXIS 23973 (D.N.J. Feb. 20, 2013).

[5]     Although *Cruz* was decided before this Court's March 22, 2017 Order, Defendant failed to cite to it in its motion to dismiss.

In *Cruz*, the plaintiff received a debt collection letter which, like the one in this case, included a validation notice alerting the recipient that any debt disputes were required to be in writing and submitted within 30 days. The validation notice was preceded by the following language: "If you have insurance that may pay all or a portion of this debt, that information can be submitted by calling…or by completing the information on the reverse side of this letter and returning the entire letter to this office at Financial Recoveries." *Cruz*, 2016 U.S. Dist. LEXIS 83576, at *2. Under these particular facts, the *Cruz* court, applying the least sophisticated debtor standard, found that the defendant-debt collector did not violate the FDCPA, since the insurance language and the validation notice did not contradict each other. In that court's view, the specific insurance provision — which is different than the language used in this case —merely requested information from the consumer. *Id.* at *6-7. While *Cruz* came to a different conclusion, I do not find that the existence of that decision, alone, creates a substantial ground for difference of opinion sufficient to satisfy the second prong of § 1292.

Importantly, both *Cruz* and my decision applied the "least sophisticated debtor" standard, which, undisputedly, is the applicable standard when assessing whether a debt collection letter is misleading or employed untoward collection tactics. *See Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000); *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991). As such, there is no difference of opinion regarding the proper legal standard, which is the hallmark inquiry in assessing whether an interlocutory appeal is warranted. *See Schoenfeld Asset Mgmt.*, 161 F. Supp. at 360; *Kapossy*, 942 F. Supp. at 1001 (finding that grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard). The difference between the two decisions, rather, is how each court applied that standard in light of the facts of the case. When district courts apply the law to the facts of the case differently, it is not the type of substantial difference of

opinion contemplated for the purposes of § 1292. *See Christy v. Pa. Tpk. Comm'n*, 912 F.Supp. 148, 148-49 (E.D. Pa. 1996); *Truong v. Kartzman*, No. 06-3286, 2007 U.S. Dist. LEXIS 45451, at *3 (D.N.J. Jun. 22, 2007); *Biase v. Nevoso, Pivirotto & Foster, P.A.*, No. 10-3081, 2010 U.S. Dist. LEXIS 104623, at *12 (D.N.J. Sep. 30, 2010).[6] Accordingly, Defendant's basis for an interlocutory appeal is without merit.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for interlocutory appeal is **DENIED**.

Dated: September 28, 2017

> /s/ Freda L. Wolfson
> Freda L. Wolfson
> United States District Judge

---

[6] I note that in *Ashkenazi v. Certified Credit & Collections Bureau*, No. 14-7627, 2016 U.S. Dist. LEXIS 41000 (D.N.J. Mar. 29, 2016), wherein the court found that a similar insurance coverage provision in a debt collection letter may likely contradict a validation notice, the district court likewise denied the defendant's motion for an interlocutory appeal based on similar legal and factual arguments advanced in this case.